## DRAKE v. RYLAND.

No. 5112.

Court of Appeal of Louisiana. Second Circuit.

Nov. 6, 1935.

J. B. Crow, of Shreveport, for appellant.

Isaac Abramson, of Shreveport, for appellee.

TALIAFERRO, Judge.

Defendant operates a burial society for colored people, and employed plaintiff, who conducts a funeral home, in December, 1933, to furnish appropriate habiliments, prepare for burial, and to bury those members of the society who died and were entitled to such benefits. In February, 1934, plaintiff, at the request of defendant, and in keeping with their agreement, prepared for burial and buried the bodies of three members, for which a charge of $235 was made. The amount not having been paid, after repeated demands, this suit was instituted to recover judgment therefor.

Defendant does not controvert the correctness of the charges against him, beyond an alleged overcharge of $30 for hearses he avers were not used, but pleads in compensation or set-off that he loaned plaintiff, on February 5, 1934, $275 in cash "to apply on the funerals described in Article II of his petition." In passing we might say that these funerals had not then occurred. He avers that plaintiff is really due him the difference of $70, for which he prays for judgment.

Judgment was given plaintiff for the full amount sued for, and defendant appealed.

As a witness, defendant admits the correctness of the charges made against him for which this suit was brought. This leaves only for determination whether defendant loaned to plaintiff the amount he pleads in set-off. A question of fact only is involved, and the trial judge resolved it against defendant. He testified that he delivered the amount in cash to plaintiff in his (plaintiff's) office in city of Shreveport on February 5, 1934, and took from him a written receipt therefor; that plaintiff wanted the amount to purchase a new hearse; and that it was an advance against what would be due him for services, under their contract, in the future. The purported receipt was filed in evidence. It is admitted to be in defendant's handwriting and is signed, "Drake Funeral Home by Eugene Drake." All of the signature is typewritten excepting "Eugene Drake." This was written in ink. The receipt bears the signature of one Dan Shaughnessy as a witness. At the top of the slip of paper on which the receipt is written, in the same typewriting as part of the signature, appears the following: "(1 robe, Hinge top casket, hearse and delivery)." Something preceded this line of typing, but it was cut off. Defendant undertook to explain what did precede it before he cut the sheet, but his explanation evidently did not favorably impress the lower court, nor does it so impress us. He and Shaughnessy both testify positively that Drake signed the receipt and was handed over the $275 in currency. Drake positively denies getting the money and equally denies that he signed the receipt, or authorized any one to sign it for him. In this he is corroborated by his secretary. The testimony on the question convinces us that the signature on the receipt is not Drake's. It bears no resemblance whatever to his genuine signature to a multitude of checks filed in evidence and to a bill of sale of a hearse. It is shown that plaintiff purchased a hearse some ten days before this alleged loan to him was made and paid in cash a substantial part of the price. The balance was payable monthly. Therefore, he did not need the money to buy a hearse, and defendant knew it. It is also shown that plaintiff's agents were continuously trying to get defendant to pay the account, but at no time did he mention as a reason for not doing so that plaintiff was due him an amount in excess of the account.

Under the circumstances and relation of the parties at the time, it would have been

unusual and unnatural for defendant to have gone into his pocket and loaned this money without security to Drake, whom he had only known for eight months. He admits that their agreement was made in December, but to the time the loan was made Drake had not performed a single service for him. Many inconsistent statements were made by defendant and his witness Shaughnessy, and some contradictions of each other's evidence could be pointed out; but we deem it unnecessary to do so. Having reached the conclusion, as was evidently done by the lower court, that plaintiff did not sign the receipt relied on by defendant, leaves nothing more of importance to consider. That conclusion ends the case.

The judgment appealed from is affirmed, with costs.